## JOHN E. POND *vs.* HENRY R. PARROTT.

The writ of mandamus lies to compel a public officer to perform a duty concerning which he is vested with no discretionary power, and which is either imposed upon him by some express enactment or necessarily results from the office which he holds.

Where a city charter provided for the election of a board of police commissioners, whose duty it should be to nominate to the common council suitable persons to fill vacancies occurring in the police department, but made no provision for the appointment of a clerk of the board, and one of the members of the board at the request of his associates acted as clerk and kept a record of the proceedings of the board, it was held that such clerk was not a public officer and that a writ of mandamus would not lie to compel him to amend a record made by him.

APPLICATION for a mandamus, to compel the respondent to amend a record made by him as clerk of the board of police commissioners of the city of Bridgeport; brought to the Court of Common Pleas of Fairfield County. The respondent demurred to the petition, and the case was reserved, upon the pleadings, for the advice of this court. The case is sufficiently stated in the opinion.

*Sanford* and *Bullock*, in support of the demurrer, cited Dillon's Municp. Corp., §§ 669, 674, 694, 695; 3 Bac. Abr., *Mandamus, E.*; Comb., 41, 133, 348; Ventris, 143; 3 Salk., 229, 231, 233; 3 Stephen's N. P., 2294, note; *Parkinson's case*, Carth., 92; *Leigh's case*, 3 Mod., 332, 335; *The King* v. *Churchwardens of Croydon*, 5 T. R., 713; *The People* v. *Mandamus*, 2 Comst., 490.

*Seeley*, contra, cited *Samis* v. *King*, 40 Conn., 304, and High's Extr. Legal Rem., § 449.

PARDEE, J. The common council of the city of Bridgeport is authorized by the city charter to elect four police commis_sioners, who, with the mayor, constitute the board of police commissioners, the duty of which board it is to nominate to the common council suitable persons to fill vacancies occurring in the police department. Both the relator and the respondent were members of the board of police commissioners on the 24th of May, 1873.

The relator alleges that on that day the respondent was, and ever since has been, the clerk of the board of police commissioners, and that it was his duty as such clerk to make and keep a true and correct record of their doings; that as such clerk the respondent, by error and mistake, failed to make a correct record of certain votes passed by the board on that day, and made an incorrect and untrue record thereof, " in this, to wit:—instead of causing the record to state that William Anderson was nominated by said board a policeman in the place of Patrick Bracken, and that Norman Starr was nominated by said board as police-

man in the place of Barney Farrell, he, the said clerk of said board, did add to the record of said meeting of May 24th, after the words ' William Anderson,' the words ' in place of Barney Farrell ' ; and after the words ' Norman Starr,' did add the words ' in place of Patrick Bracken ' ; so that said record, as so made by said clerk, did and does state that said Anderson was nominated by said board in place of Barney Farrell, when in fact and in truth the said Anderson was nominated by said board in the place of Patrick Bracken ; and does also state that said Starr was nominated in place of Patrick Bracken, when in fact and in truth the said Starr was nominated by said board in the place of Barney Farrell " ; and that the respondent has always refused to correct said record.

The relator asks the Court of Common Pleas to issue a writ of mandamus, requiring the respondent to correct the record in the matter above referred to. The respondent demurs to the petition, and the case is reserved for the advice of this court.

The city charter does not prescribe the form or manner in which the board of police commissioners shall make known their nominations of persons to fill vacancies in the police department. They may appear in person before each of the two branches of the common council when in session, and orally make the nominations ; or they may send to the same body a written communication signed by themselves, containing the list of nominees. The law has not created the office of clerk of the board of police commissioners ; it does not compel them to have a clerk for the purpose of recording their acts.

The respondent, himself one of the police commissioners, upon request from his associate members, undertook to make a memorandum of certain nominations made by the board and transmit a list thereof to the common council. He did not thereby become the incumbent of an office known to the law ; he did not enter upon the discharge of any duty imposed upon him by law ; he voluntarily assumed the performance of a *service*. He could lay down the burden when-

ever he desired to do so; the law could not force upon him the completion or continuation of the work.

The writ of mandamus lies to compel a public officer to perform a duty concerning which he is vested with no discretionary power and which is either imposed upon him by some express enactment or necessarily results from the office which he holds. The respondent's undertaking being private and unofficial in its character, this writ does not concern itself as to the manner in which he performs it.

Again, inasmuch as the law has not clothed him with power, to the exclusion of all others, to make a record of the proceedings of said board and to communicate their nominations to the common council, there would seem to be no necessity for this extraordinary writ; a majority of the board can at any time notify the common council that the respondent has inaccurately performed that which he had undertaken to do; they can present a corrected list of nominees; the council can receive it; his error in no manner fetters the action of either body in the premises; he cannot conclude them by anything which he has done or omitted to do.

In *Samis* v. *King*, 40 Conn., 304, which case arose from a difference between the police commissioners on one side and the council on the other, this court, speaking of the record now under consideration, said, for the purposes of that case, that it was duly certified by the clerk of the board and was properly admitted by the Superior Court as evidence of the doings of the police commissioners. The relator argues that this remark lifts the respondent to the rank of a public ministerial officer and places him within reach of this writ. But we think it goes to this extent only: that, as he made a record of the nominations and transmitted a list of them to the common council at the request and as the agent of his associate members of the board, it might under certain circumstances be admitted in evidence against them as tending to prove what they did, not intending thereby to declare it to be a record of so high and solemn a character as to import absolute verity and be conclusive. Many entries and memoranda are in a certain sense records and are admissible in evidence, and yet are not subject to correction by mandamus.

We advise the Court of Common Pleas that the demurrer is well taken and that the petition is insufficient.

In this opinion the other judges concurred.